**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|                             |   |              |
|---|---|---|
| MARK GIETZEN,               ) |   |              |
|                             ) |   |              |
|           Plaintiff,        ) | **CIVIL ACTION** |
|                             ) |   |              |
| v.                          ) | No.  12-1006-MLB |
|                             ) |   |              |
| CITY OF WICHITA, et al.,    ) |   |              |
|                             ) |   |              |
|           Defendants.       ) |   |              |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motions to dismiss (Docs. 10, 12) and plaintiff's motion for a stay of execution (Doc. 15). The motions have been fully briefed and are ripe for decision. (Docs. 11, 13, 17, 18, 19). Defendants' motions are granted and plaintiff's motion is denied for the reasons herein.

**I.   Facts and Procedural History[1]**

Plaintiff is a citizen of Wichita, Kansas, and resides at 5575 South Mosley Street. In 2000, defendant City of Wichita (city) hired defendant Dondlinger & Sons Construction Co. (Dondlinger) to reconstruct a bridge near 55th Street South and Mosley Street. Dondlinger performed the bridge work using pile-driving equipment. This equipment allegedly caused significant damages to plaintiff's home. Plaintiff contacted then-mayor Bob Knight about the damages. Plaintiff was informed that the city would repair any damages to

---

[1] The facts are taken from plaintiff's allegations and viewed in the light most favorable to plaintiff and in consideration of his pro se status. Plaintiff should not misconstrue them as judicial findings, e.g. that his home has been damaged or that there has been any agreement by anyone to repair the damages.

plaintiff's home. Plaintiff's home suffered approximately $97,000 in damages. The city and Dondlinger, however, have refused to pay for plaintiff's damages.

In 2008, plaintiff's lender instigated foreclosure proceedings on his home in state court. In 2009, plaintiff addressed the Wichita City Council meeting and presented his claim for damages due under the alleged verbal agreement. The city responded by letter on December 31, 2009, and denied any obligation to address the damages. In March 2010, plaintiff again distributed information to the Wichita City Council. In December 2011, plaintiff met with two City Council members and Knight. The meeting ended with no action being taken by the city. Plaintiff filed his complaint against defendants on January 5, 2012. (Doc. 1).

Plaintiff's home is set for a foreclosure auction on February 8. Plaintiff has moved for a stay of the foreclosure proceedings. (Doc. 15). Defendants have moved to dismiss plaintiff's complaint on the basis that the claims are barred by the statute of limitations and that he has failed to state a claim. After receiving all motions, this court issued an order requiring plaintiff to respond to defendants' motions by February 2[2] and address the concern of a lack of subject matter jurisdiction. (Doc. 16). Plaintiff has filed a response to the court. (Doc. 17).

**II. Motion to Dismiss Standards: FRCP 12(b)(1)**

Federal courts are courts of limited jurisdiction, available to exercise their power only when specifically authorized to do so.

---

[2] The court expedited the briefing schedule in this case due to plaintiff's emergency motion concerning the sale of his home.

-2-

Lindstrom v. United States, 510 F.3d 1191, 1193 (10th Cir. 2007). Pursuant to the Federal Rules of Civil Procedure, a party may move for dismissal based upon a court's "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The Tenth Circuit has noted that Rule 12(b)(1) motions may take on two forms, either a "facial" attack or a "factual" attack. Paper, Allied-Indust., Chemical & Energy Workers Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005). A "facial" attack questions the sufficiency of the complaint whereas a "factual" challenge contests those facts upon which the subject matter rests. Id.

### III. Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

### IV. Analysis

    **A. Subject Matter Jurisdiction**

Initially, this court must ensure that it has subject matter jurisdiction over plaintiff's claims. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." 1mage Software, Inc. v. Reynolds and Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff's complaint alleges that it is brought pursuant to 28 U.S.C. § 1343(3). To establish subject matter jurisdiction under § 1343, plaintiff must show that defendants acted "under color of any state law." See 28 U.S.C. § 1343(3). To satisfy the state action requirement, "the party charged with the deprivation must be a person who may fairly be said to be a state actor ... because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S. Ct. 2744 (1982) (holding that a private party did not act under color of state law in a prejudgment attachment of the debtor's property if the creditor acted contrary to state policy); Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449 (1974) (explaining that private action supports a § 1983 claim only if it "may be fairly treated as that of the State itself"); Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir. 1996) (noting that private action must be "fairly attributable to the state").

Plaintiff's allegations do not set forth any basis to support a finding that Dondlinger is a state actor. Dondlinger was awarded a

-4-

construction contract by the city and performed that contract. A private company is not transformed into a state actor because of a construction contract. <u>Gallagher v. Neil Young Freedom Concert</u>, 49 F.3d 1442, 1453 (10th Cir. 1995). In response to the court's order seeking additional briefing concerning subject matter jurisdiction, plaintiff asserts that he believes jurisdiction is proper because: 1) there is a large file on this matter and "key items related to subject matter jurisdiction have not yet been explored;" 2) the city's law department has engaged in unethical behavior; 3) the Eighteenth Judicial District Court denied equal protection to plaintiff by assisting "in an unethical scam;" 4) the only "place a US citizen can turn for his Constitutional protection is The United States District Court;" 5) the information packet distributed by the clerk's office is valuable and extremely helpful; and 6) the Internet confirmed that this case falls under the jurisdiction of this court. (Doc. 17 at 3-6).

Plaintiff's contentions are not supported by authority and are without merit. At no point does plaintiff discuss any alleged constitutional violation by Dondlinger in his response to the court's order and/or address why Dondlinger should be considered a state actor. Therefore, Dondlinger must be dismissed from this action as the court lacks subject matter against it.

The city, however, is a municipality and, as such, a state actor. Therefore, plaintiff may bring allegations of violations of his civil rights against the city. Plaintiff's allegations assert a violation of the Equal Protection clause and the Fourth and Fifth Amendments. The city, however, has not moved to dismiss on the basis of lack of

subject matter jurisdiction.  Because plaintiff is pro se and this court is instructed to view his complaint liberally, the court finds that plaintiff's allegations, when construed in the light most favorable to plaintiff and read very broadly, are sufficient to invoke this court's jurisdiction over the claims.  Therefore, the court will now turn to the city's motion to dismiss.

**B.    The City's Motion to Dismiss (Doc. 10)**

Plaintiff's complaint states that his cause of action has three parts: 1) Dondlinger damaged plaintiff's home during the bridge reconstruction; 2) the city failed to pay plaintiff for his damages; and 3) the failure to pay the damages has caused plaintiff extreme hardship.  (Doc. 1 at 9-10).  After construing the complaint liberally, the court has identified claims of breach of contract, fraud, and violations of plaintiff's civil rights.  The city asserts that all of these claims are barred by the statute of limitations.

**1.    Breach of Contract**

The majority of plaintiff's complaint discusses an alleged oral contract between plaintiff and Knight which was formed in the year 2000.  Plaintiff asserts that this oral contract was a promise from the city to pay for damages that occurred as a result of the bridge reconstruction.  An action for breach of contract, without a written agreement, is three years. K.S.A. 60-512; <u>Chilson v. Capital Bank of Miami</u>, 237 Kan. 442, 446, 701 P.2d 903 (1985).  Plaintiff asserts that this statute is not applicable in this case because the action concerns real property.  Plaintiff contends that the applicable statute is K.S.A. 60-507.

K.S.A. 60-507 states that "no action shall be maintained for the

-6-

recovery of real property or for the determination of any adverse claim or interest therein, not provided for in this article, after fifteen (15) years from the time the cause of action accrued." Plaintiff's position is that any action concerning real property would be subject to the fifteen year statute of limitations. Plaintiff's reading of the statute is incorrect. "The mere fact that an action pertains to real estate does not necessarily constitute it an action for the recovery of real estate." Sutton v. Sutton, 34 Kan. App.2d 357, 359-60, 118 P.3d 700, 702 (2005). Throughout the time period alleged in the complaint, plaintiff has always been in possession of the property. Currently, there is a foreclosure action proceeding against plaintiff but the city is not the party who has instigated the proceedings. As such, this action is simply one for damages. City of Attica v. Mull Drilling Co., Inc., 9 Kan. App.2d 325, 328, 676 P.2d 769, 773 (1984).

The statute of limitations period for plaintiff's claim of breach of contract is therefore three years. Because plaintiff contends that the agreement occurred in 2000, plaintiff's claim is barred by the statute of limitations.

**2. Civil Rights Claims**

The city also moves for dismissal of plaintiff's civil rights claims on the basis that they are barred by the statute of limitations. It is well established that civil rights claims are subject to the statute of limitations for personal injury in effect in the state where the alleged violations occurred. See Garcia v. Wilson, 731 F.2d 640, 642-43, 651 (10th Cir.), aff'd, 471 U.S. 261, 105 S. Ct. 1938 (1985). In Kansas, the applicable period of

limitation is two years. K.S.A. 60-513(a)(4). Because plaintiff's complaint, filed in January 2012, arose from damages alleged to have occurred at least ten years ago[3], and because he fails to address this issue in a meaningful way, his claims are time-barred.

**3. Fraud**

Finally, plaintiff's complaint asserts that a letter written by the current mayor, Carl Brewer, on December 31, 2009, is fraudulent because it contains false information about the bridge reconstruction project. The city contends that this fraud claim is barred by the statute of limitations and is also deficient under Fed. R. Civ. P. 9(b). Under Kansas law, this claim is governed by a two-year statute of limitations. K.S.A. 60-513(a)(3)-(4). Plaintiff does not contend that a different statute applies to this claim. Instead, plaintiff asserts that the production of the letter in the state lawsuit somehow extends the statute. (Doc. 18 at 5-6). Plaintiff, however, does not assert that he had no knowledge of the letter on December 31, 2009. Plaintiff's complaint alleges that he received the letter on December 31, 2009, and knew that its contents were false on that date. Therefore, plaintiff's fraud claim expired on December 31, 2011, and

---

[3] Plaintiff also alleges that the city treats wealthy citizens differently than those who are poor. Plaintiff's complaint discusses a city improvement that occurred in 2005. The court does not understand the significance of the allegation because plaintiff has not tied this allegation to his claim for damages and relief. In plaintiff's response to the city's motion, plaintiff states that this allegation was just an "example," and that the city continues to violate the Equal Protection clause on an on-going basis. Plaintiff, however, did not set forth any other alleged violations in his complaint and has not sought any relief due to the alleged Equal Protection violation. In any event, the city's actions contained in the complaint occurred in 2005, more than six years prior to the filing of plaintiff's complaint. Therefore, the claim is barred by the statute of limitations.

is barred by the statute.[4]

**V. Conclusion**

Defendants' motions to dismiss are accordingly granted. (Docs. 10, 12). Plaintiff's motion for a stay of execution is denied as moot. (Doc. 17).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  6th  </u> day of February 2012, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's fraud claim could also be dismissed for failure to state a claim. Plaintiff's damages set forth in the complaint are the result of the bridge reconstruction. Plaintiff has not identified any additional damages as a result of the alleged fraudulent letter of December 31, 2009.

-9-